IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CITIA WELLS and                                              PLAINTIFFS
ROBERT D. BELL, JR.

V.                    CASE NO. 3:18-CV-00193-JM-JTK

JEFF MASON                                                    DEFENDANT

## ORDER

Pending before the Court is Plaintiffs' Motion to Appoint Counsel (DE # 7) and Motion for Temporary Restraining Order or Stay of Proceedings (DE #8).

Regarding the motion to appoint counsel, the Court denies without prejudice Plaintiffs' motion at this time. The motion lists three attorneys Plaintiffs have contacted to no avail regarding their case. Three factors are generally considered relevant in evaluating a motion for appointment of counsel: (1) the plaintiff's *in forma pauperis* status; (2) the plaintiff's good faith efforts to secure counsel; and (3) whether plaintiff has established a *prima facie* claim of discrimination in the pleadings. *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004-05 (8th Cir. 1984); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). The Court then attempts to evaluate the plaintiff's capacity to present the case adequately without aid of counsel. *See In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986). Moreover, courts evaluate factors such as "the complexity of the case, the ability of the indigent litigant to investigate facts, the existence of conflicting testimony, and the ability

of the indigent to present his claim." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

It is this Court's practice to require that at least three of the attorneys the Plaintiffs consult about their case refuse to help or require payment prior to work on the case, and when an attorney refuses the case for reasons other than financial considerations, the plaintiff must continue to seek counsel. Of the attorneys that the Plaintiffs consulted here, none refused the case due to financial considerations. At this time, Plaintiffs' complaint contains sufficient allegations to demonstrate they are capable of investigating the facts of the case and presenting their claims. Therefore, at this time, the Court denies without prejudice the motion to appoint counsel. If at any time the Court finds that the Plaintiffs are unable to present their claims adequately, it will reconsider the motion.

Regarding the motion for stay, Plaintiffs state "[w]e filed to have case moved to Federal Court and we are requesting a stay of proceedings for 90 days." (DE # 8) Plaintiffs cannot meet the "good cause" standard set forth in *Rhines v. Weber*, 544 U.S. 269 (2005), to justify granting a stay of these federal proceedings. Accordingly, their motion to stay is DENIED.

IT IS SO ORDERED this 23rd day of October, 2018.

                                                                                                 UNITED STATES MAGISTRATE JUDGE