IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CITIA WELLS and
ROBERT D. BELL, JR.                                                                PLAINTIFFS

V.                                    CASE NO. 3:18-CV-00193-JM-JTK

JEFF MASON                                                                        DEFENDANT


**PROPOSED FINDINGS AND RECOMMENDATIONS**

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

DISPOSITION

For the reasons explained below, it is recommended that Defendant's Motion to Remand to State Court (DE # 15) and Motion to Dismiss (DE # 13) be GRANTED, and Plaintiff's Motion for Leave to Amend Complaint (DE # 17), Motion to Seal (DE # 18), Motion to Seal (DE # 19), Motion to Request Telephone Conversation (DE # 20), and Motion to Stay of Proceedings (DE # 21) be DENIED as moot.

Procedural History

On October 10, 2018, Plaintiffs, Citia Wells and Robert D. Bell, Jr., filed a Complaint in this Court, against the Defendant, Jeff Mason, for violations of Section 3931 of the Servicemembers Civil Relief Act ("SCRA").  (DE # 2)  On October 29, 2018, Plaintiff, Robert D. Bell, Jr., filed a Notice of Removal requesting for the Craighead County case number 16JCV-18-

747, to be removed to this Court, stating he does not "feel that [m]y mother will have a fair chance in that court."  (DE # 10)

Plaintiffs' complaint is the result of an unlawful detainer action filed by the Defendant in state court against Citia Wells, and a party known at the time to be Michael Daily.  The Defendant, Jeff Mason, is the owner and landlord of property located at 2015 Tanglewood Drive, Jonesboro, Arkansas 72401 (the "Property").  On June 19, 2018, Mr. Mason filed a Complaint in Unlawful Detainer in the Craighead County Circuit Court, against Citia Wells and Michael Daily, as the occupants of the Property.  *See* Case No. 16JCV-18-747.  Mr. Mason alleged that Citia Wells entered into possession of the Property by an Apartment Lease Contract (the "Lease") on or about October 1, 2016, and a written Amendment to the Lease was entered on April 7, 2017, that added Michael Daily as a tenant and replaced Robert Bell, Jr. *Id.*  Furthermore, Mr. Mason alleged that Ms. Wells failed to abide by the terms of the Lease by failing to pay the sum of $950.00 per month, and at the time of the detainer action, he was damaged in the amount of $2,040.00.  Ms. Wells was served with the detainer action on July 3, 2018.  On July 6, 2018, counsel for Citia Wells and Michael Daily filed an Answer and Objection to Complaint for Unlawful Detainer.  In her answer, Ms. Wells admitted "that an Addendum to that lease was completed on April 7, 2017, that added Michael Daily as a tenant replacing Michael Bell." *Id.*  Furthermore, she affirmatively stated that she is the "economic dependent of a military service member, PFC Robert D. Bell, Jr., who is currently on active duty in the United States Army" and therefore sought a stay of the proceedings for up to ninety (90) days pursuant to 50 U.S.C. § 3951(a)(1)(A)(1), so that she could "have time to adequately meet her obligation."  *Id.*

Counsel for both parties signed and agreed to a Consent Judgment, which was filed in state court on August 31, 2018.  *Id.*  The Defendants agreed to the following:

- Defendants failed to pay their monthly rent and owe $3,300.00 in unpaid rent and $2,600.00 in late fees;
- Defendants would vacate the premises by September 28, 2018;
- Defendants would pay the balance owed back to the Plaintiff in monthly installments;
- The Consent Judgment would not be filed or executed upon if the Defendants abided by the obligations as set forth in the agreement;
- If the Plaintiff had to file the Consent Judgment then he would also be entitled to the immediate issuance of a Writ of Possession for the property;
- The SCRA was considered and acknowledged by both parties when entering the Consent Judgment, and therefore, the Defendants waived any further rights under the SCRA.

On September 17, 2018, the Defendants filed a Notice of Appeal in Craighead County Circuit Court appealing the Consent Judgment. *Id.* On September 24, 2018, Defendant, Citia Wells, filed a pro se[1] Motion for Stay of Proceedings pursuant to the SCRA. In response, the Plaintiff argued that the Defendants failed to make the agreed upon payments, and the lockout was rescheduled for September 25, 2018. *Id.* Plaintiff requested that the state court deny the stay. A hearing was set for October 30, 2018, in the Craighead County Circuit Court, for Defendant's Motion to Stay Proceedings. On October 29, 2018, Robert D. Bell, Jr. filed a letter with the court stating that he was requesting removal of the case to federal court. *Id.* On December 4, 2018, the Craighead County Circuit Court entered an order effectively halting any further proceedings in state court until this Court issues its ruling on Mr. Mason's Motion to Remand. *Id.* It is the understanding of the Court that Citia Wells remains in possession of the residence.

<u>Discussion</u>

### A. *Removal to Federal Court and Motion to Remand to State Court*

Under 28 U.S.C. § 1441, "if a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States. . ., and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by

---

[1] State court granted defense counsel's Motion to Withdraw as Counsel of Record, at the request of the Defendants, on October 9, 2018.

4

statute, the entire action may be removed."  The procedure for removal of civil actions to federal court is detailed in 28 U.S.C. § 1446.   A defendant shall file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Furthermore, "the notice of removal shall be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  *See* 28 U.S.C. § 1446(b)(1).  It is long-established law that where several defendants are jointly sued in state court, such suit cannot be removed to Federal Court unless all the defendants join in the removal.  *Chicago, Rock Island & Pacific Railway Company v. Martin*, 178 U.S. 245 (1900).

In this case, Separate Plaintiff, Robert D. Bell, Jr., filed a letter requesting removal on October 29, 2018, merely stating that he was requesting to have the state case "16JCV-18-747" moved to federal court because he did not "feel" that his mother would have a fair chance in state court.  The removal is procedurally deficient for several reasons.  The most glaring deficiency is that Robert D. Bell, Jr. is not a party to the state court action that he is now seeking to have removed to this Court.  The defendants in the underlying state action are Citia Wells and Michael Daily[2]. To date, Michael Daily has not joined or consented to join in the removal of the action to federal court; therefore, this case is not proper for removal and should be remanded to state court.  It is also noted that the removal was filed well over thirty (30) days after Citia Wells was served in state court with the unlawful detainer action,[3] and that the removal fails to comply with 28 U.S.C.

---

[2] There apparently exists some confusion, based upon handwriting, whether the correct tenant is Michael Daily or Michael Dority.  However, no one named either Michael Daily or Michael Dority have joined in the removal of the state action to federal court.

[3] Ms. Wells was served in state court, pursuant to proof of service, on July 3, 2018.

§ 1446(a), because a copy of all processes, pleadings, and orders from the state action were not filed along with the notice of removal.

Most importantly, even if this Court disregarded the procedural deficiencies in the notice of removal, it does not have original subject matter jurisdiction. The civil action brought in state court by Mr. Mason was an unlawful detainer action, and is not "a claim arising under the Constitution, laws, or treaties of the United States," thereby, it does not present a federal question. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The United States Supreme Court has declared "that a case may not be removed to federal court on the basis of a federal defense." *Id.* at 393. Ms. Wells, therefore, is not permitted to remove the unlawful detainer action against her to federal court by raising provisions of the SCRA, 50 U.S.C. § 3911, et. seq., as a defense to the eviction proceedings. Furthermore, there is no authority to remove to federal court on the basis that she does not "feel" that she will receive a fair trial in state court. Based upon the foregoing, and the fact that the Plaintiffs in this action have not filed a response to Defendant's Motion to Remand to State Court, it is recommended that this case be remanded.

### B. *Failure to State a Claim*

The Plaintiffs initiated this case by filing a complaint on the form that is used by prisoners in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983. Attached to the form were also portions of the state court file. (DE # 2) Shortly thereafter, the Plaintiffs filed the Notice of

Removal requesting to remove Craighead County case number 16JCV-18-747 to this Court. Given the procedural history of the state court case, and the Plaintiffs' request for removal and filings thereafter, the only logical conclusion is that the Plaintiffs did not intend to file an entirely new complaint, but only to have the pending state court case removed to this Court. Because this Court lacks jurisdiction over the claim, the case must be remanded. However, even if the Court had jurisdiction, Plaintiffs' initial complaint should be dismissed for failure to state a claim for which relief can be granted.

When deciding how the court should rule on a motion to dismiss, the court must accept the factual allegations being made by the plaintiff as true and construe them in the light most favorable to the plaintiff. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted–whether filed pursuant to 12(b)(6) before an answer is filed, or pursuant to Rule 12(c) if an answer has been filed, but no discovery undertaken–is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir.), *cert. denied*, 540 U.S. 825 (2003). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Hanten v. School Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999) (citations omitted).

Here, the Plaintiffs, Citia Wells and Robert Bell, Jr., allege a claim for retaliatory eviction, illegal eviction, and violations under Section 3931 of the SCRA. (DE # 2, pgs. 4-5)  Section 3931 of the SCRA specifically applies to protecting servicemembers against default judgments.  That section offers no protection to the Plaintiffs, because there is no default judgment against either of the Plaintiffs.  Instead, the Craighead County case 16JCV-18-747, as detailed above, involves a Consent Judgment, agreed to and entered into by the Defendants, Citia Wells and Michael Dority.  Presumably, the Plaintiffs intended to cite to Section 3951 of the SCRA which provides certain rights for military servicemembers and their dependents during eviction proceedings.  Section 3951(b)(1) provides:

> Upon an application for eviction or distress with respect to premises covered by this section, the court may on its own motion and shall, if a request is made by or on behalf of a servicemember whose ability to pay the agreed rent is materially affected by military service—
>
> (A) stay the proceedings for a period of 90 days, unless in the opinion of the court, justice and equity require a longer or shorter period of time; or
>
> (B) adjust the obligation under the lease to preserve the interests of all parties.

Furthermore, if a stay is granted "the court may grant to the landlord (or other person with paramount title) such relief as equity may require."  50 U.S.C. § 3951(b)(2).  Even assuming the Plaintiffs meant to cite Section 3951, there is no claim upon which relief can be granted given the facts of this case.[4]  Rather than waiting for a stay of the state court proceedings, Ms. Wells and Mr. Dority voluntarily entered into a Consent Judgment which expressly stated that their rights under the SCRA were acknowledged and considered in the making of such agreement.  (DE # 2, pg. 34)  Additionally, it seems clear from the language of the Consent Judgment that Ms. Wells was given several adjustments in her obligations under the lease due to her rights under the SCRA,

---

[4] Plaintiffs attached several portions of the state court action to their Complaint, and therefore, pursuant to F.R.C.P. 10(c), they were considered in the Court's recommendation on Defendant's Motion to Dismiss.

including, but not limited to, payment of unpaid rent and late fees in monthly installments, and an agreement to vacate the premises by September 28, 2018, even though the lease term expired on June 28, 2018. *Id.* at 33. The only remedy would be for a stay to be requested in the underlying state case, in which a Consent Judgment was already entered. The Plaintiffs' procedure appears to only be an attempt to further delay the unlawful detainer in state court. Therefore, it is recommended that Defendant's Motion to Dismiss be granted without prejudice.

Conclusion

The undersigned recommends that Defendant's Motion to Dismiss (DE # 13) and Motion to Remand (DE # 15) be GRANTED. Plaintiff's Motion for Leave to Amend Complaint (DE # 17), Motion to Seal (DE # 18), Motion to Seal (DE # 19), Motion to Request Telephone Conversation (DE # 20), and Motion to Stay of Proceedings (DE # 21) should be DENIED as moot.

SO ORDERED this 15th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE